CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

OCT 01 2019

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| CYNTHIA T., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:18-cv-00011 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ANDREW M. SAUL, | ) | By: Hon. Jackson L. Kiser |
| Commissioner of Social Security, | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Before me is the Report and Recommendation ("R&R") of the United States Magistrate Judge recommending that I grant the Commissioner's Motion for Summary Judgment [ECF No. 20] and affirm the Commissioner's decision. The R&R was filed on July 11, 2019 [ECF No. 22], and Plaintiff filed her initial Objection on July 25, and an amended Objection on July 26 [ECF Nos. 23 & 24]. The Commissioner did not respond, so the matter is now ripe for review. See Fed. R. Civ. P. 72(b). After careful review and consideration, and for the reasons stated below, I will overrule Plaintiff's Objection and grant the Commissioner's Motion for Summary Judgment.

I.  **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On September 30, 2013, Plaintiff Cynthia T. ("Plaintiff") filed an application for disability and disability insurance benefits pursuant to Title II of the Social Security Act ("the Act"), and supplemental social security benefits pursuant to Title XVI of the Act. See 42 U.S.C. §§ 401–33; 1381–1838F (2018). In her applications, Plaintiff alleged that she had been disabled since April 22, 2012, due to a combination of stroke, high blood pressure, neuropathy, bronchitis, memory, and nerves. (See, e.g., R. 260.) The Commissioner denied Plaintiff's claims initially on February 4, 2014 (R. 259–279), and again upon reconsideration on June 17, 2014 (R. 281-303).

Plaintiff requested a hearing before an Administrative Law Judge and on November 30, 2015, Plaintiff appeared with her attorney before Administrative Law Judge William Barto ("the ALJ"). (R. 223–257.) Both Plaintiff and a vocational expert, Andrew Beale, testified. (Id.) In a written decision dated April 6, 2016, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. (See generally R. 208–215.) The ALJ found that Plaintiff suffered from obesity and neuropathy, both of which qualified as severe impairments. (R. 210 (citing 20 C.F.R. §§ 404.1520(c) & 416.920(c)).) The ALJ also found Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 211–12 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, & 416.926).)

After consideration of the entire Record, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. §§ 404.1567(b), except that she

> is limited to occasional climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling. She can never climb ladders, ropes, and scaffolds. She can tolerate only occasional exposure to temperature extremes, wetness, humidity, respiratory irritants, and workplace hazards.

(R. 212.) The ALJ concluded that, based on his determination of Plaintiff's RFC, Plaintiff could perform her past relevant work as a nursing assistant. (R. 214 (citing 20 C.F.R. §§ 404.1565, 416.965.) Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. (R. 214.) The Appeals Council considered Plaintiff's reasons for setting aside the ALJ's decision, but ultimately determined that her reasons did not provide a basis to change the decision. (R. 1–3.) The decision of the ALJ became the final decision of the Commissioner on January 3, 2016. (Id.)

On March 5, 2018, Plaintiff filed suit in this court to challenge the final decision of the Commissioner. (Compl. [ECF No. 2].) Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the case to the United States Magistrate Judge for consideration. On November 15, 2018, the Commissioner filed a Motion for Summary Judgment. [ECF No. 20.] On August 11, 2019, Judge Hoppe filed a Report and Recommendation ("R&R"), recommending that I grant the Commissioner's motion for summary judgment and affirm the decision of the Commissioner. (R&R, July 11, 2019 [ECF No. 22].) On July 25 & 26, Plaintiff filed timely objections to the R&R. (Pl.'s Obj., July 25, 2019 [ECF No. 23]; Pl.'s Am. Obj., July 26, 2019 [ECF No 24].) The Commissioner did not respond, so the matter is now ripe for review.

## II. STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. See 42 U.S.C. § 405(g) (2014); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545 (2014); see Shively v. Heckler, 739 F.2d 987, 990 (4th Cir. 1984) (noting that it is the role of the ALJ, not the vocational expert, to determine disability). The Regulations

grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927 (2014). Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. See id. §§ 404.1527(e), 416.927(e); Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. Laws, 368 F.2d at 642. In reviewing the evidence, I may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary," Mastro, 270 F.3d at 176 (quoting Craig, 76 F.3d at 589), or the secretary's designate, the ALJ, Craig, 76 F.3d at 589 (quoting Walker, 834 F.2d at 640).

### III. DISCUSSION

The gravamen of Plaintiff's objection is her general "disagreement" and "displeasure" with the Magistrate Judge's R&R. She contends the medical evidence in her case "overwhelmingly[] supports a finding that [she] should be considered disable[d] . . . ." (Pl.'s Am. Obj. ¶ I.) In reviewing her Objection, it is clear that she is making a general objection to the Magistrate Judge's R&R, which has the same effect as not objecting at all.

Although Plaintiff is proceeding *pro se*, she is not entitled to deference that is unmoored from generally applicable rules. Plaintiff's general objection, which is no more than an attempt to have "two bites at the apple," is improper:

> The issues that Plaintiff raises in her general objection have already been addressed by Magistrate Judge [Hoppe] when they were before him in Plaintiff's summary judgment brief. Allowing a litigant to obtain *de novo* review of her entire case by merely reformatting an earlier brief as an objection "make[s] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and

effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."

Veney v. Astrue, 539 F. Supp. 2d 841, 845–46 (W.D. Va. 2008) (quoting Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)); see also Norman v. Berryhill, No. 4:17cv00019, 2018 WL 5848989, at *3 (W.D. Va. Nov. 8, 2018). This reason alone justifies overruling her objections. Essentially, by restating her grounds for remand as an Objection to the R&R, Plaintiff's sole argument for rejecting the Magistrate Judge's recommendation is, "I disagree with him." While that may be so, it is not a legal basis for rejecting Judge Hoppe's recommendation.[1] Accord Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. May 6, 2009) ("The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein."), aff'd 373 F. App'x 346 (4th Cir.), cert. denied 131 S. Ct. 210 (2010).

More to the point, though, were I to reach the merits of her claim, I would be constrained to uphold the Commissioner's decision. The majority of her objections now seem to be that she has gotten worse over the years (see Pl.'s Am. Obj. ¶ IV), that she has suffered strokes since she first filed for disability benefits (id. ¶ V), that she is battling depression (id.), and that she has paid her taxes and is entitled to benefits (id. ¶¶ VII & VIII). While I have nothing but sympathy for Plaintiff's struggles, I find no legal error in the ALJ's decision or the Magistrate Judge's recommendation based on the "errors" she alleges.

---

[1] It is settled law that an objection which merely restates that basis set forth before the Magistrate Judge is nothing more than a general objection, which is the same as no objection at all. "[B]ecause Plaintiff's re-filed brief constitutes, at most, a general objection to the Report, and '[a] general objection . . . has the same effects as would a failure to object,' no part of the Report is subject to this Court's *de novo* review." Veney, 539 F. Supp. 2d at 846 (quoting Howard v. Sec'y of Health and Human Services., 932 F.2d 505, 509 (6th Cir. 1991)).

The only specific objection I can glean from Plaintiff's Amended Objection is her apparent issue with her alleged disability onset date. She argues that the alleged onset date, April 22, 2012, is "consistent with the medical records, testimony and other available evidence." (Pl.'s Am. Obj. ¶ XVII.) This point, even if she is correct, is immaterial, as both the ALJ and the Magistrate Judge expressly agreed with the disability onset date Plaintiff now presses. (See R. 210; R&R pg. 3.) Finding no error or discrepancy between Plaintiff's brief and the opinions of the ALJ or the magistrate judge, I see no need to upset either holding.

## IV. CONCLUSION

Plaintiff's reformatted and general objection to the R&R is considered a failure to object, and thus her objection will be overruled. I have reviewed the R&R for clear error and, finding none, I will adopt the R&R in its entirety and grant the Commissioner's Motion for Summary Judgment.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Plaintiff, all counsel of record as well as to Magistrate Judge Hoppe.

**ENTERED** this 1st day of October, 2019.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE